IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE KENNETH DAVIS,<br><br>            Plaintiff,<br><br>    v.<br><br>N. GRANNIS, et al.,<br><br>            Defendants.<br>_____ | No. C 06-4560 MJJ (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California. The case was thereafter transferred to this court. Plaintiff has been granted leave to proceed in forma pauperis in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. §

1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that defendant Sergeant Navarro, a guard at Pelican Bay State Prison ("PBSP") and "various correctional staff" confiscated and destroyed papers he needed to pursue litigation he had pending in the Eastern District of California. To be sure, prisoners generally have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 354-55.

Plaintiff has not identified which papers were confiscated, when they were confiscated, or how such confiscation specifically prevented him from pursuing a valid claim in the courts. Without such information, defendants cannot reasonably prepare an answer to the complaint. See Fed. R. Civ. P. 8(a). In addition, plaintiff has not alleged how any of the five named individual defendants other than Navarro were involved in the alleged confiscation and destruction of his papers. To state a cognizable claim against individual defendants, plaintiff must "set forth specific facts as to each individual defendant's" role in depriving plaintiff of his protected rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Furthermore, liability may be imposed only if plaintiff can allege and show that the defendant actually and proximately caused the deprivation of a federally protected right. See id. Plaintiff simply states that the attached exhibits "describe how each defendant [] is involved." The attached exhibits consist of approximately one hundred pages of unnumbered and pages of administrative appeals, court documents, memoranda, and prison records. This

will not do.  To state a claim against the individual defendants, plaintiff must allege specific facts as to the particular actions by each defendant and how such actions prevented plaintiff from pursuing his pending court case.   Plaintiff will be given leave to amend to cure these deficiencies in his complaint.

Plaintiff should note that he may not rely on a theory that they defendants are responsible for the actions and omissions of their subordinates based on respondeat superior. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (no liability solely because one is responsible for the actions or omissions of another).  He may also not include any defendants solely on the ground that they denied or improperly processed his administrative grievances. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding there is no constitutional right to a prison administrative appeal or grievance system); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. The complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file an amended complaint within 30 days from the date of this order which shall correct the deficiencies noted above.  The amended complaint shall include in the caption the case number of this case (C 06-4560 MJJ (PR)) and the phrase "AMENDED COMPLAINT."

2. **The amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint; plaintiff must include in the amended complaint all the allegations and claims he wishes to present.  If plaintiff fails to timely file an amended complaint in conformity with this order, the complaint will be dismissed.**

3. It is plaintiffs' responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

G:\PROSE\MJJ\CR.06\DAVIS.LTA.WPD                3

1    4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
2 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
3 required before the parties may conduct discovery.
4    IT IS SO ORDERED.
5 DATED: 3/30/2007

6    _____
     MARTIN J. JENKINS
     United States District Judge