UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLYDE KENNETH DAVIS,

    Plaintiff,

  v.

SERGEANT NAVORRO, et al.,

    Defendants.
                                    /

No. C 06-4560 PJH (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND**

    This is a civil rights case filed pro se by a state prisoner. Defendants have filed a motion to dismiss and plaintiff has filed a motion for leave to amend.

**DISCUSSION**

**A.   Motion to Dismiss**

    **1.   Standard**

    On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Pro se pleadings must be construed liberally on a defendant's motion to dismiss for failure to state a claim.  *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996).

**2.    Analysis**

Defendants contend (1) that plaintiff's amended complaint fails to state a claim for violation of his right of access to the courts because he does not allege actual injury, and (2) that they are entitled to qualified immunity.

In order to state a claim for denial of access to the court a prisoner must allege "actual injury."  *See Lewis v. Casey,* 518 U.S. 343, 350 (1996); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989) (confiscation of legal work).  "Actual injury" means specific harm to the prisoner's litigation, such as that the case was dismissed or sanctions imposed that resulted directly from alleged violation.  *Sands*, 886 F.2d at 1171.  There is no such allegation in the amended complaint.  The motion to dismiss will be granted.

**B.     Motion for Leave to Amend**

Plaintiff does not allege actual injury in the proposed amended complaint. The motion for leave to file it will be denied. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (futility grounds to deny leave to amend).

The lack of an allegation of actual injury was pointed out in defendants' motion to dismiss, Mot. to Dismiss at 5 ("[p]laintiff does not allege that his case was dismised or that he suffered any negative impact . . . ."), but although in his opposition plaintiff makes several allegations that are not in the complaint, he does not allege actual injury. And although he has moved to amend and has provided a proposed second amended complaint, he does not allege actual injury in the proposed complaint either. If plaintiff could allege actual injury, he surely would have done so. Because plaintiff had already amended once before service and because his proposed amendment here does not allege actual injury, despite his having been alerted to the need to do so by defendants' motion to dismiss, the dismissal will be without further leave to amend.

## CONCLUSION

Defendants' motion to dismiss (document number 22 on the docket) is **GRANTED**. Plaintiff's motion to amend (document number 29) is **DENIED**. This case is **DISMISSED** with prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 16, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\DAVIS4560.DSM.wpd

3